Texas & New Orleans Railway Company v. Georgia Brown et al.
No. 73.

**1. Contributory Negligence—Standing on the Track.**—Just before the accident the engine had passed over the crossing, going east, and was returning, going west. Deceased stepped on the track just in front of the engine when there was nothing to obstruct the view. Just after he was struck, he said: "I was on the railway, and did not know it was coming back, until it struck and killed me." *Held*, contributory negligence, preventing a recovery, although there was evidence tending to show that the engine was running at fifteen miles per hour, when by city ordinance they were prohibited from running faster than six miles per hour.

**2. Erroneous Charge on Contributory Negligence.**—The latter clause of the following charge held erroneous: "It was the duty of Dr. Brown when he entered upon or onto defendant's switch, to have used his senses of hearing and sight; and if he failed to do so, even though defendant should be found by you to be guilty of gross negligence, still his heirs can not recover, as such failure to use his senses would be in law contributory negligence, unless you should find the motion of defendant's engine was so rapid as to render the exercise of his senses by him useless and of no avail to avert the injury."

Appeal from Orange. Tried below before Hon. Hal. W. Greer, Special District Judge.

*Perryman & Gillaspie*, for appellant.—1. The death of deceased, Dr. S. M. Brown, was not caused by the gross negligence of the defendant, its servants or employes, but was by his carelessness and negligence in going upon the track of defendant and remaining there until he was struck and run over by the engine. Railway v. Richards, 59 Texas, 377; Railway v. Ryon, 80 Texas, 59; Railway v. Bracken, 59 Texas, 71; Railway v. York, 74 Texas, 365; Hoover v. Railway, 61 Texas, 503; Hughes v. Railway, 67 Texas, 598; Railway v. Houston, 95 U. S., 697; Yancy v. Railway, 6 S. W. Rep., 272; Railway v. Dean, 76 Texas, 73.

2. If the injured party, by looking up the track in the direction of the approaching train, could have seen it in time to have avoided the injury, his omission to do so was negligence. Mynning v. Railway, 7 West. Rep., 327.

3. Where a party recklessly goes upon a railroad track without looking or listening for an approaching train, when by so doing he would have been apprised of its approach, he is guilty of such contributory negligence as precludes a recovery of damages in case of his injury occasioned thereby. Taylor v. Railway, 3 West. Rep., 270; Railway v. Coon, 2 Cent. Rep., 323; Chase v. Railway, 2 N. E. Rep., 872.

*J. T. Hart, William Chambers*, and *O. R. Sholars*, for appellees. — 1. When the evidence as to contributory negligence vel non is conflicting,

it is for the jury to pass upon the fact; and its verdict will not be disturbed, unless manifest injustice has been done.

2. Running a train through the corporate limits of a city at a greater rate of speed than that prescribed by the city ordinance, unless it be unavoidable, is per se culpable negligence. Railway v. Donovan, 4 So. Rep., 142; 46 N. W. Rep., 165.

Evidence of rate of speed at which train was running admissible to show gross negligence: Railway v. Kutac, 76 Texas, 473; Cooper v. Railway, 33 N. W. Rep., 306.

3. A traveller crossing a railway must use his eyes and ears as an ordinary prudent person; but he is not bound to anticipate an act of negligence on the part of the company. O'Connor v. Railway, 7 S. W. Rep., 106.

GARRETT, Chief Justice.—This suit was brought by the widow and children of S. M. Brown, deceased, to recover damages for injuries resulting in the death of said Brown, alleged to have been caused by the gross negligence of the servants of defendant in the operation of a switch engine on defendant's railway, and over a public crossing, in the town of Orange.

Defendant pleaded contributory negligence on the part of the deceased. The accident occurred March 29, 1887. As the law stood then, the defendant was only liable for the "unfitness, gross negligence, or carelessness" of its servants. Sayles' Civ. Stats., art. 2899, and note.

Defendant requested the court to charge the jury, that the evidence was insufficient to establish gross negligence on the part of the defendant, its agents, servants, or employes, and to find a verdict for the defendant. The refusal of the court to give this instruction has been assigned as error. There is evidence tending to show that the switch engine was being run across the public street at the rate of about fifteen miles an hour, and that no warning of its approach was given by the ringing of the bell on the engine or the blowing of the whistle. It was admitted that there was an ordinance prohibiting the running of trains in the town of Orange faster than six miles an hour; and there was evidence that the blowing of the whistle was also prohibited by ordinance. From all the evidence in the case the jury might have found that there was gross negligence on the part of the engineer and fireman in the running of the switch engine that struck and hurt the deceased, and the charge was correctly refused. But the question of contributory negligence, the fact of which is also raised by proper assignments of error, does not depend upon the freedom of defendant's servants from negligence. If the want of due care on the part of the deceased was the proximate cause of the injuries which resulted in his death, then the plaintiffs can not recover, although the defendant's

servants may have been guilty of negligence.   Railway v. Peay, 20 S. W. Rep., 57.

The evidence shows that just before the accident the engine had passed over the crossing, going east on the main track, and was returning, going west on the switch.   Deceased had started on the usual way to his home, along a plank sidewalk over a marsh.   Some of the witnesses testified that he was on the sidewalk, where it was a part of the public crossing, but others place him below the crossing.   Some say that his side was to the engine, and others that his back was to it.   All of the evidence conclusively shows that deceased stepped upon the track just in front of the engine, where there was nothing to obstruct the view.   He said to his son, who ran up to him within two minutes after he was hurt, "I was on the railway and did not know it was coming back until it struck and killed me."   There is a conflict of evidence as to how far the engine was from the deceased when he stepped upon the track.   It varies from fifty feet to two or three feet, as stated by the engineer, Middleton.   It would seem from the testimony of some of the witnesses that he was walking alongside of the track, when he stepped upon it, and from others that he approached and went directly on it.   It is not made clear just how deceased approached the track, but it is not shown that he exercised any care or precaution whatever.   Several school children were passing on their way home to dinner, and the hat of one of them had fallen in the marsh, and deceased in his direction to the child about recovering the hat, seemingly failed to notice the approach of the engine, and was struck.

The accident was a deplorable one, and but for the absorption of the deceased in the recovery of the child's hat, we have no doubt would not have occurred.   He was shown to be a man of most exemplary habits and usually careful.   One of the witnesses said that he had frequently warned the children of the danger at the crossing.   But from the evidence we can not escape the conclusion that the accident was contributed to by the want of due care on the part of the deceased in going upon the track of the defendant in front of the approaching engine.   It was a public crossing, and deceased, if on the crossing, was not a trespasser upon the track; but he was bound to the exercise of care in the use of the crossing, and the evidence showing that the accident was contributed to by negligence of deceased in going upon the track, when by the use of ordinary care he could have discovered the engine and avoided the accident, plaintiffs ought not to recover.

There are several assignments of error upon the charge of the court. We think that the charge is in the main a very correct one; but the latter part of the eighteenth paragraph is, as contended, inapplicable to the facts. The paragraph is as follows:   "It was the duty of Dr. Brown, when he entered upon or onto defendant's switch, to have used his senses of hearing and sight; and if he failed to do so, even though defendant should by

you be found to be guilty of gross negligence, still his heirs can not recover, as such failure to so use his senses would be in law contributory negligence, unless you should find the motion of defendant's engine was so rapid as to render the exercise of his senses by him useless, and of no avail to avert injury." Such a charge was calculated to mislead the jury. The deceased would not be excused from the exercise of care in going upon the track because the engine was running at a rapid rate.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 9, 1893.